IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,      :

    Plaintiff,             :

  v.                          :         Case No. 2:07-cv-1238

Daniel Tomassetti,             :         JUDGE FROST

    Defendant.             :

ORDER

This matter is before the Court on cross motions for summary judgment. For the following reasons, the motion for summary judgment filed by plaintiff United States of America will be granted and the motion for summary judgment filed by defendant Daniel Tomassetti will be denied.

I. <u>Summary Judgment Standard</u>

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. <u>Poller v. Columbia Broadcasting Systems, Inc.</u>, 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after

completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.  It is with these standards in mind that the instant motions must be decided.

## II. Facts

The following facts are alleged in the complaint.  Between January 1980 and November 1985, Mr. Tomassetti executed promissory notes to secure student loans from First National Bank & Trust Co., Cecil, Pennsylvania and First National Bank in Washington, Washington, Pennsylvania.  These loan obligations were guaranteed by the Pennsylvania Higher Education Assistance Agency, and then reinsured by the Department of Education under loan guaranty programs.  Mr. Tomassetti defaulted on the obligations and the holders filed claims on the loan guarantees.  The promissory notes were assigned to the Department of Education on August 11, 2004.  Following this assignment and a crediting of payments from various sources, as of August 23, 2007, Mr. Tomassetti owes principal and interest to the United States in the amount of $16,737.55 relating to the First National Bank & Trust Co. loan and $13,554.82 relating to the First National Bank in Washington loan for a total amount due of $30,292.37.

Additional interest continues to accrue on this balance.  The United States filed its complaint in this case on December 7, 2007.

### III. Analysis

Mr. Tomassetti has moved for summary judgment claiming that, under Pennsylvania law, "laches is clearly applicable - where no statute of limitations exists - and a Defendant is prejudiced by the passage of time and inexcusable delay...."  Mr. Tomassetti acknowledges having executed the loan documents and claims that some payments were made.  However, Mr. Tomassetti asserts that any evidence of payment would be hard to obtain and any evidence "is likely gone" given the passage of time.  Mr. Tomassetti has not provided any evidentiary materials to support his motion.

In its response and cross-motion for summary judgment, the United States argues, relying on Hamilton v. United States, 2005 WL 2671373 (S.D. Ohio Oct. 19, 2005), that the doctrine of laches does not apply to this action.  Moreover, the United States contends, even if laches were to apply here, Mr. Tomassetti cannot demonstrate that the government unduly delayed in seeking redress once it became the holder of the promissory notes at issue.  The government relies on the loan documents and Mr. Tomassetti's discovery responses in support of its motion for summary judgment.  Mr. Tomassetti has not filed a response to the government's motion for summary judgment nor has he filed a reply in support of his own.

The Court agrees that the doctrine of laches does not bar the government's collection efforts here.  As noted by the Hamilton court, the "vast majority of courts" to address the issue have rejected this defense in a suit by the government to enforce a student loan. Hamilton, at *4.  See, e.g., Texaco Puerto Rico, Inc v. Department of Consumer Affairs, 60 F.3d 867 (1st Cir. 1995); United States v. Davis, 817 F.Supp. 926 (M.D.

3

Ala. 1993); United States v. Lawrence, 276 F.3d 193 (5th Cir. 2001); United States v. Cobbs, 1993 WL 157365 (6th Cir. May 13, 1993); United States v. Robbins, 819 F.Supp. 672 (E.D. Mich. 1993); U.S. v. Brooks, 2007 WL 3244724 (E.D. Mich. Nov. 2, 2007).

Moreover, even if the defense of laches were available to Mr. Tomassetti, he has not demonstrated that he would be entitled to use it. To succeed with such a defense, Mr. Tomassetti must show that he was prejudiced by the government's unreasonable delay in bringing the case. Brooks, at *2 (citing Ford Motor Co. v. Catalanotte, 342 F.3d 543, 550 (6th Cir. 2003)). Here, Mr. Tomassetti has made no evidentiary showing of prejudice or undue delay. To the extent that Mr. Tomassetti has indicated that payment records may be hard to obtain or are "likely gone," he has not demonstrated any attempts to discover any such records. Further, Mr. Tomassetti has not demonstrated any "special hardship" distinguishing his case from the numerous cases rejecting the availability of the laches defense under circumstances similar to his. See U.S. v. Hargrove, 2007 WL 2811832 (W.D. Pa. September 24, 2007). Consequently, the government's motion for summary judgment will be granted and Mr. Tomassetti's motion for summary judgment will be denied.

## IV. Disposition

Based on the foregoing, the plaintiff's motion for summary judgment (#45) is **GRANTED**. The defendant's motion for summary judgment (#44) is **DENIED**. The plaintiff's motion for judgment (#39) is **DENIED** as moot. The Clerk is directed to enter judgment in favor of the plaintiff in the amount of $30,292.37 with interest accruing at the rate of seven percent from August 24, 2007, to the date of judgment.

**IT IS SO ORDERED.**

                                          /s/ Gregory L. Frost
                                          GREGORY L. FROST
                                          UNITED STATES DISTRICT JUDGE